UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.   12-cv-1444 |
| | ) |
| GREG LAMBERT, | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and his Motion for Leave to Proceed in forma pauperis. (Docs. 1 & 2). Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, the Court must "promptly examine" the Motion and determine whether to it is proper to order Respondent to file a response to it.

### 28 U.S.C. § 2254 PETITION

In his § 2254 Petition, Petitioner challenges his April 13, 2004 aggravated battery conviction in Livingston County, Illinois, for which he received a sentence of six years.[1] (Doc. 1). He raises three claims against this conviction and sentence: (1) that his due process rights were violated by the state's failure to give him notice that "his conduct was a violation of state statute" and "would lead to criminal

---

[1] Petitioner has filed many § 2254 Petitions in this Court, but the Court's review of its records indicates that none of his previous Petitions attacked this particular conviction, and so the instant Petition does not run afoul of Rule 9 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

charges;" (2) that the state violated his speedy trial rights by delaying his indictment on the charges; and (3) that his aggregate sentences violate the Eighth Amendment's prohibition on cruel and unusual punishment.

The Court must dismiss Petitioner's first claim, as it is a fundamental maxim that "ignorance of the law is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991) (citations omitted); *Lambert v. People of the State of California*, 355 U.S. 225, 228 (1957) (citations omitted). The exceptions to this rule are inapplicable here. The Illinois aggravated battery statute does not require, as do many federal tax laws, a showing that the defendant acted "willfully" in committing the aggravated battery. 720 ILL. COMP. STAT. 5/12-3.05; *Cheek*, 498 U.S. at 200 (quoting *United States v. Bishop*, 412 U.S. 346, 360 (1973)) (internal quotation omitted) ("[S]tandard for the statutory willfulness requirement is the voluntary, intentional violation of a known legal duty."). Likewise, aggravated battery is not a crime punishing inaction that is ordinarily non-criminal; Illinois' aggravated battery statute requires affirmative conduct that a reasonable person would know carries a possible criminal sanction. 720 ILL. COMP. STAT. 5/12-3.05; *Lambert*, 355 U.S. at 229. Petitioner does not allege that the statute was not in force at the time of the actions leading to the aggravated battery charge and conviction, and so cannot argue that he was not "on notice" of the possibility of a criminal charge. Therefore, Petitioner's due process argument that he was not aware that his conduct might lead to criminal charges must be dismissed as meritless.

The Court has reviewed Petitioner's latter two claims, and cannot find that they are plainly without merit, and so will order Respondent to respond to them.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

In his Motion for Leave to Proceed in forma pauperis, Petitioner asserts that he has no income or property. (Doc. 2). He also includes a certificate from the trust fund officer at Tamms Correctional Center, and a copy of his trust fund account statement, both of which confirm his statements; Petitioner has a negative balance in his trust fund account. (Docs. 2 & 3). The Court therefore finds that he cannot pay the applicable filing fee and grants his Motion for Leave to Proceed in forma pauperis.

IT IS THEREFORE ORDERED:

1.   Petitioner's first claim to relief, that his due process rights were violated by the state's failure to inform him that his conduct could lead to an aggravated battery conviction, is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

2.   Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED. Petitioner is excused from paying the applicable filing fee.

3.   The Clerk SHALL serve a copy of the Petition (Doc. 1) by certified mail upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

4.   Respondent SHALL file an answer, motion, or other responsive pleading to Petitioner's remaining two claims within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claims are untimely or procedurally barred. In addition, Respondent

should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

5.  Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

6.  Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.


Entered this <u>2nd</u> day of November, 2012.


                                                                                 s/ Joe B. McDade
                                                                                  JOE BILLY McDADE
                                        United States Senior District Judge