## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  12-cv-1444 |
| | ) | |
| GREG LAMBERT, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R & O P I N I O N

This matter is before the Court on Petitioner's Motion to Reconsider the Court's dismissal of his due process claim. (Doc. 8). In his § 2254 Petition, Petitioner challenged his aggravated battery conviction that arose from his in-prison conduct, and claimed, *inter alia*, that his due process rights were violated by the state's failure to give him "clear notice that [his] actions would lead to criminal charges." (Doc. 1). The Court, reviewing the Petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, dismissed this claim on November 7, 2012. (Doc. 4). Petitioner has now asked the Court to reconsider this dismissal. For the reasons stated below, the Motion to Reconsider is denied.

As the Court explained in its previous Order:

> [I]t is a fundamental maxim that "ignorance of the law is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991) (citations omitted); *Lambert v. People of the State of California*, 355 U.S. 225, 228 (1957) (citations omitted). The exceptions to this rule are inapplicable here. The Illinois aggravated battery statute does not require, as do many federal tax laws, a showing that the defendant acted "willfully" in committing the aggravated battery. 720 ILL. COMP.

> STAT. 5/12-3.05; *Cheek*, 498 U.S. at 200 (quoting *United States v. Bishop*, 412 U.S. 346, 360 (1973)) (internal quotation omitted) ("[S]tandard for the statutory willfulness requirement is the voluntary, intentional violation of a known legal duty."). Likewise, aggravated battery is not a crime punishing inaction that is ordinarily non-criminal; Illinois' aggravated battery statute requires affirmative conduct that a reasonable person would know carries a possible criminal sanction. 720 ILL. COMP. STAT. 5/12-3.05; *Lambert*, 355 U.S. at 229. Petitioner does not allege that the statute was not in force at the time of the actions leading to the aggravated battery charge and conviction, and so cannot argue that he was not "on notice" of the possibility of a criminal charge. Therefore, Petitioner's due process argument that he was not aware that his conduct might lead to criminal charges must be dismissed as meritless.

(Doc. 4 at 2). In his instant Motion to Reconsider, Petitioner asks the Court to frame his claim as raising the question of whether prison regulations create a liberty interest requiring notice that inmates are also subject to criminal statutes for their in-prison conduct. (Doc. 8 at 1). Petitioner asserts that the state should have, in his disciplinary ticket, alerted him to the fact that his conduct was also a violation of the state aggravated battery statute. (Doc. 8 at 2-3).

The problem with Petitioner's claim is that after-the-fact notice that his conduct, in addition to violating a prison regulation, also violated a state criminal statute, could have no effect on whether he was convicted under the criminal statute. Even if the prison had, as Petitioner argues it should have, given Petitioner specific notice in his disciplinary ticket that his conduct was also a violation of a criminal statute, such notice would have occurred after he had already committed the offense – he would still have committed the offense and been convicted.[1]

---

[1] Petitioner does not claim that the state failed to give him proper notice when he was charged with aggravated battery, or that he was not permitted to put on a proper defense to the charges.

2

The Court could construe Petitioner's claim to assert that the state should affirmatively warn inmates in advance that, in addition to internal prison regulations, they are also subject to criminal statutes of general applicability for their in-prison conduct, but such a construction would not assist Petitioner. Such a construction could be said to be supported by the Supreme Court's observation in *Jones v. North Carolina Prisoners' Labor Union, Inc.*, that "prisons are closed societies," which Petitioner cites – the idea would be that upon entering this "closed society," inmates come to believe that they are subject only to its rules, not to those applicable to the outside world. 433 U.S. 119, 137 (1977). However, Petitioner cites nothing indicating that the rule that "ignorance of the law is no defense to criminal prosecution" should be set aside in this context. The fact that he may have erroneously believed himself to be exempt from general criminal statutes because he is imprisoned does not mean that this situation falls into one of the narrowly-defined exceptions to this rule. Most importantly, he does not indicate that state officials actually misled him into this belief, or that either the prison regulations or Illinois criminal code indicate that they are mutually exclusive. Indeed, the aggravated battery statute specifically makes ordinary battery "aggravated" when it is committed against a correctional institution employee when performing his official duties, indicating that prison inmates would be the likely perpetrators of this form of aggravated battery. 720 ILL. COMP. STAT. 5/12-3.05(d)(4). The mere fact that inmates are subject to parallel restrictions on their conduct does not give rise to an exception to the general rule that the state need not give affirmative notice that one's conduct could lead to criminal prosecution.

IT IS THEREFORE ORDERED that Petitioner's Motion to Reconsider (Doc. 8) is DENIED.

Entered this <u>8th</u> day of January, 2013.

<u>         s/ Joe B. McDade         </u>
JOE BILLY McDADE
United States Senior District Judge
