# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.   12-cv-1444 |
| | ) |
| GARY PFISTER, Warden, | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Anthony Gay's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent has filed a Response (Doc. 16). Petitioner was given the opportunity to file a reply to Respondent's Response but he failed to file one. (Doc. 4 at 4). For the following reasons, Petitioner's § 2254 Petition is DENIED.

### PROCEDURAL HISTORY

Petitioner committed aggravated battery on July 19, 2000, by spraying a liquid substance onto a correctional officer at the Pontiac Correctional Center where Petitioner was incarcerated. *People v. Gay*, Livingston County Case No. 03-CF-62. (2004). Petitioner was indicted for the July 19, 2000 incident on February 25, 2003, approximately thirty-one months after the incident occurred. (Doc.17, Exh. A at 2). Petitioner was found guilty following an April 2004 jury trial and was sentenced to six years in prison to be served consecutively with Petitioner's other sentences. (*Id.* at 3). On appeal, Petitioner argued that the trial court erred in letting him

represent himself. (*Id.*). The state appellate court affirmed the conviction in March 2008, and Petitioner did not seek further review in the Illinois Supreme Court. (*Id.*).

In November 2008, Petitioner filed an amended post-conviction petition in which he alleged, as relevant here, the following claims: (1) the citations that the Department of Corrections issued for his conduct did not provide him with sufficient notice that his behavior would expose him to criminal prosecution, and (2) the State subverted his constitutional rights to due process and to a speedy trial by tactically delaying certain indictments. (Doc. 17, Exh. B at 3). In May 2009, Petitioner filed a supplemental petition for post-conviction relief, adding a third claim that his ninety-seven-year aggregate sentence resulting from this case and several other convictions violated the constitutional prohibition against cruel and unusual punishment. (*Id.* at 3-4). The state trial court dismissed Petitioner's post-conviction petition on December 10, 2009. (Doc. 9-1 at 13).

On appeal, the Illinois Appellate Court for the Fourth District affirmed the trial court's decision, relying in part on an earlier opinion resolving Petitioner's identical claims for similar convictions and sentences. (Doc. 17, Exh. B at 2). The court found that due process was not violated because petitioner did not show that he was substantially and unfairly prejudiced. (*Id.* at 7). Moreover, the court rejected Petitioner's characterization that his aggregate sentence of ninety-seven years was a *de facto* life sentence which amounted to cruel and unusual punishment. (*Id.* at 6). In addition, the court found that Petitioner's habeas corpus relief should be limited only to alleged constitutional violations occurring in the instant case. (*Id.*).

Petitioner filed a petition for leave to appeal the appellate court judgment, which the Illinois Supreme Court denied in September 2012. (Doc. 17, Exhs. H & I).

In October 2012, Petitioner filed the instant § 2254 Petition in this Court raising the following arguments: (1) his due process rights were violated by the State's failure to give him notice that "his conduct was a violation of state statute" and would "lead to criminal charges;" (2) the State intentionally delayed indictments, violating his speedy trial rights; (3) his aggregate sentences violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Doc. 1 at 5-8). The Court dismissed Petitioner's first claim, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. (Doc. 4 at 3).

## LEGAL STANDARD

Twenty-eight U.S.C. § 2254 empowers federal district courts to hear petitions for a writ of habeas corpus on behalf of a person in state custody on the grounds that the petitioner is in custody in violation of the Constitution, treaties or laws of the United States. A federal court may not grant relief on claims that have been adjudicated on the merits by state courts unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or rested on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Accordingly, a petitioner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

A state court's decision is "contrary to" clearly established federal law when it is "substantially different from the relevant precedent" of the Supreme Court, or it "confronts a set of facts that are materially indistinguishable from" the Supreme Court precedent and nevertheless reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). In reviewing reasonableness, "it is not an unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). Thus, federal habeas review is limited to a deferential inquiry of the reasonableness, rather than the absolute correctness of a state court decision. *See Harrington*, 131 S. Ct. at 786; *Cullen v. Pinholster*, 131 S. Ct. 1388, 1426 (2011); *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012). As such, the issue before this court is whether the state court unreasonably applied clearly established federal law in dismissing Petitioner's petition for post-conviction relief.

## DISCUSSION

1. **Pre-indictment Delay Claim**

Petitioner first alleges that the State subverted his speedy trial rights by staggering the indictments in his aggravated battery cases. (Doc. 1 at 7). This claim is mistakenly brought, as the right to a speedy trial under the Sixth Amendment is ordinarily not implicated until formal indictment. *Unites States v. Lovasco*, 431 U.S. 783, 788-89 (1977).

A pre-indictment delay may violate due process, however, if the delay (1) causes a defendant substantial prejudice, and (2) was an intentional device to gain a tactical advantage over the accused. *United States v. Marion*, 404 U.S. 307, 324 (1971). The prejudice alleged, though, must be specific and concrete. *United States v. Hagler*, 700 F.3d 1091, 1099 (7th Cir. 2012) (finding that a ten year delay in indicting defendant that resulted in witnesses' fading memories did not prejudice defendant in an actual and substantial way). Even if a defendant demonstrates actual and substantial prejudice, the Court must still balance the potential prejudice against government interests. *See Lovasco,* 431 U.S. at 790 (holding that eighteen month pre-indictment delay did not violate due process, even if the defendant might have been prejudiced by lapse of time); *United States v. Sowa*, 34 F.3d 447, 450-52 (7th Cir. 1994) (holding that the government must provide its reasons for delay once defendant has proven actual and substantial prejudice, so that the court can balance the delay against the prejudice).

Here, the Illinois Appellate Court's decision to dismiss Petitioner's pre-indictment delay claim did not involve an unreasonable application of federal law. First, the statute of limitations for a particular crime generally serves as a safeguard for the defendant against unreasonable prosecutorial delay. *See Marion*, 404 U.S. at 322-33. Thus, so long as the defendant is indicted within the applicable statute of limitations period, the defendant will typically be able to defend himself adequately. *United States v. Baker*, 40 F.3d 154, 157 (7th Cir. 1994). Here, the applicable statute of limitations to indict a defendant for aggravated battery was three years. 702 Ill. Comp. Stat. 5/3-5(b) (2011). Petitioner was indicted for

5

aggravated battery on February 25, 2003 for the July 19, 2000 incident, which was within the three-year statute of limitations. Applying clearly established federal law, the Illinois Appellate Court soundly rejected Petitioner's pre-indictment delay claim.

     Second, Petitioner's challenge to the prosecutorial practice of staggering indictments rather than filing them all at once bears no relation to the pre-indictment delay. Rather, Petitioner's argument is based on an erroneous presumption that he would not have been responsible for some crimes he committed had the State prosecuted all cases at once because the State would not be able to comply with the speedy trial requirement. Moreover, prosecutors are not constitutionally required to file charges promptly once it has assembled sufficient evidence to prove guilt beyond reasonable doubt. *See Lovasco*, 431 U.S. at 792. "The Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek indictment." *Id.* at 790. Since *Lovasco* expressly reserves the issue whether prosecutors may delay indictment in order to manage multiple potential charges against a single defendant to the lower court, the state court's approval of that practice cannot be said to unreasonably apply clearly established federal law. Third, Petitioner failed to show any specific and concrete prejudice resulting from the delay that would impair his ability to secure an effective defense and "a fair trial." *Sowa*, 34 F.3d at 450. Nor could Petitioner show how the State gained a tactical advantage by way of its delay in bringing charges against him. Thus, as the Illinois Appellate Court found, the staggering of indictments here does not "offend those fundamental

6

conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." (Doc. 17, Exh. C at 12 (quoting *Lovasco*, 431 U.S. at 790)).

### 2. Cruel and Unusual Punishment Claim

Petitioner's second claim fails on its merits as well. Petitioner contends that the aggregate sentences of ninety-seven years from this case and fifteen other unconsolidated cases, in light of his mental illness, are cruel and unusual punishment under the Eighth Amendment. (Doc. 1 at 8). Federal courts generally do not review state prison sentences that lie within statutory limits, *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir. 1984), unless the petitioner in a habeas petition demonstrates that the sentencing court "lacked jurisdiction to impose it or committed a constitutional error that made the sentence of underlying conviction fundamentally unfair." *Bean v. United States*, 679 F.2d 683, 685 (7th Cir. 1982).

The Eighth Amendment provides that "no cruel and unusual punishments [shall be] inflicted." U.S. Const. amend. VIII. However, the Eighth Amendment does not require "strict proportionality between crime and sentence," but rather, it prohibits only "extreme sentences that are grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003).

Cases challenging the proportionality of a sentence to the crime committed fall into two general categories: (1) those involving a term-of-years sentence; (2) and those involving the death penalty. *Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010). In cases challenging the term of years, a court must begin by comparing "the gravity of the offense" and "the severity of the sentence." *Graham*, 130 S. Ct. at

2022 (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991)). If this comparison leads to an inference of "gross disproportionality," "the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Graham*, 130 S. Ct. at 2022 (quoting *Harmelin*, 501 U.S. at 987). In *Graham*, for the first time, the Supreme Court recognized a categorical limitation on a term-of-years sentence, holding that life without parole sentences were necessarily unconstitutional when imposed upon juvenile, non-homicide offenders. *Id.* at 2034. Petitioner urged the court to extend the categorical approach in *Graham* to include inmates with diminished mental capacities. (Doc. 17, Exh. E at 33-38). The Illinois Appellate Court rejected this argument, however, and this Court finds that the appellate court reasonably applied established federal law.

Although Supreme Court precedent has established some categorical prohibitions against cruel and unusual punishment, no cases indicate that inmates with mental illness should be embraced under the categorical rule as well. *See Graham*, 130 S. Ct. at 2034 (prohibiting the imposition of life without parole sentence on a juvenile, non-homicide offender); *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (prohibiting executions of mentally retarded criminals); *Ford v. Wainwright*, 477 U.S. 399, 409-10 (1986) (prohibiting death penalty upon a prisoner who is insane); *Roper v. Simmons*, 543 U.S. 551, 569 (2005) (prohibiting execution of minors).

Based on the opinion in *Graham*, Petitioner requests that the Court reduce his sentences, arguing that his aggregate sentences constitute a *de facto* life

sentence without parole, and that he belongs to a class of categorically less culpable persons to whom the Eighth Amendment offers protection. The Illinois Appellate Court found, however, that Petitioner mischaracterized the sentences he cumulatively received as a result of his multiple convictions. (Doc. 17, Exh. C at 8). Unlike a life sentence for a single conviction, here, a six-year term of imprisonment for aggravated battery, imposed on a repeat offender with violent crimes, was unexceptional. *See Ewing v. California*, 538 U.S. 11, 18-20, 28-31 (2003) (upholding indeterminate sentence of twenty-five years to life for single nonviolent theft of golf clubs by sometimes-violent recidivist). Moreover, none of the other existing categorical rules established by the Supreme Court precedents apply here. Petitioner faces neither the death penalty nor a term of life without parole, he is neither insane nor mentally retarded, nor was he a minor when he committed this crime. Thus, it is not unreasonable for the state court to "decline to apply a specific legal rule that has not been squarely established by the Supreme Court." *Harrington*, 131 S. Ct. at 786. Finally, although Petitioner asserts a mental illness that he attributes to his prior solitary confinement, no record shows that he suffered mental illness to a sufficient degree that he was unfit for trial or was entitled to an insanity defense. Therefore, Petitioner's mental illness, which he attributes to solitary confinement, does not state a claim under the Eighth Amendment, and the Illinois Appellate Court was reasonable in rejecting an unwarranted expansion of the *Graham* approach. For the foregoing reasons, Petitioner's cruel and unusual punishment claim must be dismissed as meritless as well.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Based upon the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's pre-indictment delay claim and cruel and unusual punishment claim are meritless. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DENIED, and the Court DECLINES to issue a certificate of appealability. IT IS SO ORDERED.

CASE TERMINATED.


Entered this 17th day of June, 2013.


                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States Senior District Judge